UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK BOATNER                  CIVIL ACTION

VERSUS                             NUMBER 11-409-BAJ-SCR

ABC INSURANCE COMPANY, ET AL

**<u>RULING ON MOTION TO RECONSIDER</u>**

Before the court is the Plaintiff's Motion to Reconsider Denial of Plaintiff's Motion to Remand. Record document number 19.

A Magistrate Judge's Report was issued August 25, 2011 recommending that the Plaintiff's Motion to Remand be denied. Record document number 17. Plaintiff's filed this motion on September 2, 2011. The Federal Rules of Civil Procedure do not provide for a motion to reconsider as such. Such a motion is treated as either a motion for new trial under Rule 59 or a motion for relief from judgment under Rule 60, depending on whether it is filed within the time allowed for a Rule 59 motion or the longer time allowed for a Rule 60 motion. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), rev'd on other grounds, 20 F.2d 259 (5th Cir. 1990).

Since this motion was filed less than 28 days after the Magistrate Judge's Report, it will be treated as a Rule 59 motion seeking reconsideration of the report by the magistrate judge.[1]

---

[1] Plaintiff filed an objection to the Magistrate Judge's Report after this motion was filed. Record document number 21.

Treating the motion as seeking reconsideration under Rule 59, the plaintiff has not offered any factual basis nor made any persuasive argument warranting a different recommendation.

As explained in the Magistrate Judge's Report, workers' compensation benefits are the exclusive remedy of an employee against an employer for injuries arising out of and in the course and scope of his employment. LSA-R.S. 23:1032. But for certain exceptions enumerated by the statute, an employer is immune from tort liability resulting from any claim covered under the Louisiana Workers Compensation Act (LWCA).

To recover from his employer, defendant Excel Group, Inc., in tort the plaintiff must demonstrate that the Excel's conduct falls within the intentional tort exception to the exclusive remedy rule of the LWCA. The LWCA provides that "[e]xcept for intentional acts ... the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages...." LSA-R.S. 23:1032A(1)(a).

Under § 1032 of the LWCA the words "intentional act" mean the same as "intentional tort" as used in determining civil liability. Observing that the word "intent" has a generally accepted meaning in the fields of tort and criminal law, the court held that "[t]he meaning of 'intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the

likelihood of that result happening from his conduct; or (2) knows that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Id.; Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1327 (5th Cir. 1996), citing, *Bazley*, 397 So.2d at 482. To meet the "substantially certain" test requires more than a reasonable probability that an injury will occur. The term has been interpreted as being equivalent to circumstances where injury to the employee is nearly inevitable, i.e, almost certain, virtually sure to occur, incapable of being avoided. *Id.; King v. Schuylkill Metals Corp.*, 581 So.2d 300, 302 (La.App. 1 Cir. 1991), *writ denied*, 584 So.2d 1163 (La. 1991). Facts showing mere knowledge and appreciation of a risk, reckless or wanton conduct, gross negligence, disregard of safety regulations or the failure to use safety equipment, do not constitute intentional acts. *Id.*, *Suarez v. American Pecco Corp.*, 608 So.2d 294, 297 (La.App. 4 Cir. 1992), *writ denied*, 613 So.2d 997 (La. 1993).

Plaintiff's reliance on the defendant Shintech Louisiana, LLC's answer is unavailing because the answer was filed after the removal and it does not clarify any ambiguity about the basis for removal, i.e. the citizenship of the parties or the amount in controversy. When improper joinder of a defendant is the issue, as it is in this case, the court must focus on the factual allegations in the state court petition. But even assuming that defendant Shintech did not direct the work of the plaintiff, as it alleged in

its answer,[2] and defendant Excel did (even though this is contrary to what the plaintiff alleged in his Petition for Damages), the petition simply does not contain specific factual allegations sufficient to invoke the intentional tort exception.

Regarding the plaintiff's alternative request to conduct discovery, in his neither Plaintiff's Motion to Remand nor in this motion did the plaintiff cite any applicable statute, rule or case which allows him to conduct discovery before the court determines whether he improperly joined his employer as a defendant.[3]

Nonetheless, when improper joinder is the issue, discovery may be allowed by the court in its discretion. *Guillory v, PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005), citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004)(en banc). *Smallwood* cautioned that "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." As *Guillory* recognized, "this language sharply limits, but does not eliminate, discovery." *Guillory*, *supra* at 311.

But rather than limited discovery tailored to the improper joinder issue, the plaintiff proposed broad discovery consisting of "an inspection of the plant and railcar, ... as well as depositions

---

[2] Record document number 5, Answer to Petition for Damages and Jury Demand, ¶ VII.

[3] Record document number 7-1, Plaintiff's Memorandum in Support of Motion to Remand, p. 6.

of Excel's company representatives, employees, and work release prisoners."[4] Such discovery is not "sharply tailored" to the determination of improper joinder, and is not necessary for the court to determine whether defendant Excel was improperly joined.

Accordingly, the Plaintiff's Motion to Reconsider Denial of Plaintiff's Motion to Remand, treated as a motion under Rule 59, is denied.

Baton Rouge, Louisiana, September 12, 2011.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 7-1, p. 6.