UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK BOATNER

VERSUS

ABC INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 11-409-BAJ-SCR

**RULING ON MOTION TO AMEND COMPLAINT**

Before the court is the Plaintiff's Motion to Amend Complaint and Add a New Party and Claims. Record document number 37. The motion is opposed by defendant Shintech Louisiana, LLC.[1]

Essentially for the reasons argued by defendant Shintech in its opposition memorandum, and for the additional reasons which follow, the plaintiff's motion is denied.

**Background**

Plaintiff Chadwick Boatner filed this suit in state court against defendant Shintech Louisiana, L.L.C. and Excel Group, Inc., his employer, alleging that he was injured when he fell from a railroad car while working for defendant Excel at defendant Shintech's facility in Addis, Louisiana.

Defendant Shintech removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332(a), specifically

---

[1] Record document number 38. Plaintiff filed a reply and an amended reply memorandum. Record document numbers 41 and 42, respectively.

alleging that defendant Excel, a Louisiana corporation, was improperly joined.[2] Defendant argued the plaintiff's allegations established that the claim against defendant Excel is covered under the Louisiana Workers' Compensation Act (LWCA), LSA-R.S. 23:1031, et seq., and thus defendant Excel is immune from tort liability. Defendant also argued that the plaintiff's allegations were insufficient to invoke the intentional tort exception to defendant Excel's tort immunity.

Plaintiff filed a Motion to Remand, arguing, in part, that defendant Shintech could not meet its burden of demonstrating that he has no possibility of recovery against his employer. The court disagreed and the Plaintiff's Motion to Remand was denied.[3] A Scheduling Order was issued and discovery proceeded.[4] Defendant Shintech was deposed February 6, 2012, through its designated representatives Rick Gros and Rick Hill.[5]

Plaintiff's motion proposes to add Ricky Dean Hill, a Louisiana citizen, as a defendant based on the following

---

[2] Defendant alleged that the plaintiff is a Louisiana citizen and it is a Delaware limited liability whose only member is a Delaware corporation which has its principal place of business in Texas. Record document numbers 4 and 5.

[3] Record document number 17, Magistrate Judge's Report; record document number 23, Ruling.

[4] Record document number 24.

[5] Record document number 38-1, Exhibit A, pp. 7-14 (deposition pages 125-132, 145-148, 157-172, 189-192), excerpts from the testimony Rick Hill.

allegation:

> Defendant, Mr. Hill, who has testified that he was in charge of the warehouse where the accident occurred and that it was his responsibility to ensure that Excel, which included Chadwick Boatner, was working safely and followed Shintech's work instructions, committed acts of omission and commission, which collectively and severally, were either intentional and/or constituted negligence, gross negligence and recklessness, which acts were a proximate cause of the injuries sustained by Chadwick Boatner and made it substantially certain that the fall would occur.

Plaintiff goes on to make conclusory allegations about what Hill failed to do, e.g. to provide a safe work place, and to ensure that the plaintiff was working safely and following defendant Shintech's work instructions.[6]

**Applicable Law**

Because jurisdiction in this case is based on diversity of citizenship, and the plaintiff proposes to join a defendant whose citizenship would destroy diversity, the court must consider the application of 28 U.S.C. § 1447(e), which provides, in relevant part, as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987),

---

[6] Record document number 37, Exhibit 1, proposed Plaintiff's Amended Complaint for Damages.

appeal after remand, 869 F.2d 879 (5th Cir. 1989), directs this court to consider several factors in deciding whether to grant a motion for leave to amend when doing so will require remanding the case.

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens* at 1182; see, *Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639 (M.D.La. 1988).[7]

---

[7] Plaintiff was not required to support his motion with a memorandum. LR 7.3.1 . However, the local rule requires that the motion must state the grounds for granting it and cite any applicable rule, statute or other authority justifying the relief sought. Plaintiff's motion did not mention 28 U.S.C. § 1447(e) nor cite *Hensgens* or a similar case. Plaintiff's reply memorandum acknowledged *Hensgens* but argued that it is not applicable because defendant Shintech's citizenship is not diverse from the plaintiff's citizenship. This argument is based on the assertion that defendant Shintech's principal place of business is in Louisiana.
    Plaintiff's no-diversity argument is frivolous. Where a limited liability company has its principal place of business does not determine its citizenship. For the purpose of determining diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990). This was previously explained in the Order to Amend Notice of Removal. Record document number 3. Plaintiff cited no statute or binding precedent which contradicts *Harvey v. Grey Wolf Drilling*. Defendant Shintech has one member, C-K Tech, Inc., which is a Delaware corporation with its principal place of business in
(continued...)

The state law governing the court's analysis of the joinder issue is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons. This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).

In *Canter* the court adopted the following criteria for imposing liability on individual employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff,

---

[7](...continued)
Texas. Even assuming defendant Shintech's principal place of business is in Louisiana, defendant Shintech is a citizen of Delaware and Texas for the purpose of § 1332.

breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005).

The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry. *Id.* In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990)(addressing improper joinder in the context of removal).

## Analysis

A careful review of defendant Shintech's Rule 30(b)(6) deposition testimony, particularly Hill's, as well as the Service Agreement between defendant Shintech and Excel,[8] supports the conclusion that the plaintiff has no claim against Hill based on the plaintiff's proposed allegations. Consideration of the

---

[8] Record document number 38-1, Shintech deposition Exhibit 2.

*Hensgens* factors supports finding that the purpose for joining Hill as a defendant is to destroy diversity jurisdiction and cause this case to be remanded to state court.

Hill's testimony is essentially that when he noticed an Excel employee not properly following required safety procedures he took some appropriate action. Hill did not testify that these observations were the result of scheduled or routine safety inspections. For example, on occasions when he saw an Excel employee loading PVC into a rail car and the employee was not properly tied off with a safety line, he told the employee to get off of the rail car and informed the employee's supervisor.[9]

Hill explained that at the inception of the contract between defendant Shintech and Excel, he discussed with Excel representatives defendant Shintech's work instructions and the training documents provided to Excel, and he actually showed Excel representatives how to load the rail cars.[10] Hill also testified that he discussed production requirements daily with Excel's site manager.[11] Hill described his overall responsibility as follows: "It was my job to ensure that Excel was working safely and following our work instructions according to the quality standards

---

[9] Record document number 38-1, p. 10 (Hill testimony p. 159-60).

[10] *Id.* at 12 (deposition pp. 166-67.

[11] *Id.* at 11 (deposition pp. 162-63).

we had set forth, ...."[12] Hill then clarified that the way he does this is through routine safety inspections, and by notifying the Excel supervisors when work is not being done properly and telling them to do the work pursuant to defendant Shintech's policies and procedures.[13] There is no testimony from Hill that he regularly works alongside Excel's employees. There is no testimony from Hill describing any ongoing or intermittent contact between him and the plaintiff, that he trained the plaintiff, or that he spoke with the plaintiff or in any manner directed how the plaintiff was to perform his work duties on the day of the accident.

A fair reading of Hill's deposition testimony supports the finding that it describes general administrative duties assigned to him by his employer, defendant Shintech, rather than any duty personally owed to the plaintiff. Hill performed his assigned duties primarily by interacting with Excel's supervisors, through daily meetings and reporting violations to the supervisors. On occasions when Hill personally observed work not being done safely by an Excel employee, he took direct action to correct the situation and then reported the work rule violation to the Excel supervisor. Acting directly on such random occasions to correct an actual safety rule violation does not create a duty owed directly

---

[12] *Id.* at 13 (deposition p. 169).

[13] *Id.* at 10-11, 13 (deposition pp. 160-162, 170-71).

to the plaintiff.[14]

Defendant Shintech has not taken the position that it is not responsible for Hill's workplace acts or omissions, as his employer.[15] Consequently, defendant Shintech will be liable to the plaintiff if the trier of fact determines that Hill breached an employment duty assigned to him by defendant Shintech, which breach caused the plaintiff injury. Therefore, the plaintiff can obtain complete relief without joining Hill as a defendant.

Plaintiff will not be significantly injured if he is not allowed to join Hill as a defendant because it appears the plaintiff does not have a viable claim against Hill.

Lastly, there is no apparent equitable reason to join Hill as a defendant.

---

[14] In *Carroll v. Mobil Oil Corp.* 1994 WL 665781, the court determined that warning an independent contractor's employees of a safety hazard is not a basis for imposing liability on the principal when the duty to provide a safe workplace is contractually assigned to the contractor. "To find otherwise would discourage 'company men' who notice potential safety hazards from pointing them out to the independent contractor and his employees." *Id*. at *4. The Service Agreement in this case provides that "the prevention of accidents to its [Excel's] employees engaged upon or in the vicinity of the Work is its [Excel's] responsibility." Record document number 38-1, Exhibit , p. 25 (Service Agreement section 8.2). Although defendant Shintech could order Excel to stop work which defendant Shintech deems unsafe, it was not required to do so, and the "[f]ailure on the part of Owner [Shintech] to stop unsafe practices shall in no way relieve Contractor [Excel] of its responsibility therefore." *Id*. (Service Agreement section 8.3).

[15] In its opposition memorandum defendant Shintech stated that it "absorbs any liability attributed to Mr. Hill, its employee." Record document number 38, p. 11.

**Conclusion**

The apparent reason to join Hill as a defendant is to destroy diversity jurisdiction and cause the case to be remanded to state court. The foregoing findings warrant denying the plaintiff's motion to amend.

Accordingly, the Plaintiff's Motion to Amend Complaint and Add a New Party and Claims is denied.

Baton Rouge, Louisiana, April 3, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE