UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK BOATNER

VERSUS

ABC INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 11-409-BAJ-SCR

consolidated with

CHADWICK BOATNER

VERSUS

ABC INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 11-592-BAJ-SCR

## **RULING ON MOTION FOR RULE 35 EXAMINATIONS**

Before the court is defendant Shintech Louisiana, L.L.C.'s Motion for Rule 35 Examinations. Record document number 46. The motion is opposed.[1]

Defendant filed this motion to compel the plaintiff to attend independent medical examinations by a neurologist, Dr. Donald Adams, and a clinical psychologist with a specialty designation in neuropsychology, Dr. Kevin Greve. Defendant argued that it is entitled to an order for the Rule 35, Fed.R.Civ.P., examinations because: (1) the plaintiff claims he sustained a brain injury as a result of the alleged incident on May 19, 2010, which places his

---

[1] Record document number 47. Defendant filed a reply memorandum. Record document number 50.

mental condition at issue; and, (2) the plaintiff has retained experts in these same fields and has provided the report of Dr. Roberta A. Bell, Ph.D., a neuropsychologist, which incorporates an examination and report by a neurologist, Dr. Ralph B. Lilly.[2]

Rule 35, provides in relevant part, as follows:

> **(a) Order for an Examination.**
>> **(1) In General.** The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>> **(2) Motion and Notice; Contents of the Order.** The order:
>>> **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>>> **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Plaintiff did not dispute that his mental condition is at issue, or that he intends to rely on expert testimony from the same types of experts. Plaintiff's only objection is that the defendant's motion is untimely because it conflicts with the April 30, 2012 fact discovery deadline set in the Amended Scheduling

---

[2] Record document number 47-2, exhibit 2. Defendant stated that only a copy of Bell's report was provided in accordance with the scheduling order.

2

Order.[3]  According to the plaintiff, the Rule 35 examinations the defendant seeks to compel are discovery tools used to gather factual information and therefore are subject to the April 30 deadline.

Plaintiff's argument is unpersuasive.  The examinations the defendant is attempting to schedule are within the scope of expert discovery and fall within the deadline set in the scheduling order for this purpose.  Defendant's designated experts, Drs. Adams and Greve, have obviously been retained and specially employed to present evidence at trial under Rule 702.[4]  Defendant's request for the plaintiff to undergo examination by these experts is obviously for the purpose of them  - the experts - to obtain information needed for them to form their expert opinions.  These examinations are expert "discovery," i.e. discovery conducted by the experts themselves.  Therefore, the defendant's Rule 35 request is not untimely.

Upon the defendant's issuance of a notice which complies with Rule 35(a)(2)(B), Fed.R.Civ.P., the plaintiff shall appear for the neurological evaluation by Dr. Donald Adams, and the neuropsychological evaluation by Dr. Kevin Greve.

Accordingly, the Motion for Rule 35 Examinations filed by

---

[3] Record document number 36, item A.

[4] Record document number 46-2, exhibit B.

defendant Shintech Louisiana, L.L.C. is granted.  Defendant may request an extension of time to produce the reports from Dr. Donald Adams and Dr. Kevin Greve if the Rule 35 examinations cannot reasonably be conducted in time for them to meet the August 13, 2012 deadline to produce their expert reports.

Baton Rouge, Louisiana, August 2, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE